# Exhibit A

 
**Switch View**

## Colby Utt VS Kowa Pharmaceuticals America Inc , defendant, et al

| Case Number: | 2022CP2200722 | Court Agency: | Common Pleas | Filed Date: | 08/24/2022 |
|---|---|---|---|---|---|
| Case Type: | Common Pleas | Case Sub Type: | Employment 180 | File Type: | Mediator - Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

## Case Parties

Click the ⯆ icon to show associated parties.

| Name | Address | Race | Sex | Year Of Birth | Party Type | Party Status | Last Updated |
|---|---|---|---|---|---|---|---|
| ⯆Bowen, Elizabeth Marie | 1418 Laurel Street, Suite A Columbia SC 29201 | | | | Plaintiff Attorney | | 08/25/2022 |
| Kowa Pharmaceuticals America Inc | | | | | Defendant | | 08/25/2022 |
| Lavender, Benjamin | | | | | Defendant | | 08/25/2022 |
| ⯆Porter, James Paul | 1418 Laurel Street, Suite A Columbia SC 29201 | | | | Plaintiff Attorney | | 08/25/2022 |
| ⯆Utt, Colby | | | | | Plaintiff | | 08/25/2022 |

## Actions

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Utt, Colby | ADR/Alternative Dispute Resolution (Workflow) | Action | | 03/22/2023-16:50 | | |
| Utt, Colby | Summons & Complaint | Filing | | 08/24/2022-16:50 | | 📄 |

## Financials

| Summary | | | | | |
|---|---|---|---|---|---|
| Fine/Costs: | $150.00 | Total Paid for fine/costs: | $150.00 | Balance Due: | $0.00 |

| Costs | | | | |
|---|---|---|---|---|
| Description | Cost Code | Amount | Charge Action | Disbursed Amount |
| Civil Filing Fee County 44%/100% | CVFFCN | $44.00 | | $44.00 |
| Civil Filing Fee State 56% | CVFFST | $56.00 | | $56.00 |
| SCJD Filing Fee Proviso $50 / $25 | SCJDPV | $50.00 | | $50.00 |

| Payments | | | | |
|---|---|---|---|---|
| Payment Date | Receipt Number | Entered By | Transaction Type Code | Payment Amount |
| 08/25/2022 | 53069 | C22AGRATE | PY | $150.00 |

ELECTRONICALLY FILED - 2022 Aug 24 4:50 PM - GEORGETOWN - COMMON PLEAS - CASE#2022CP2200722

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF GEORGETOWN<br><br>Colby Utt,<br><br>                Plaintiff,<br><br>v.<br><br>Kowa Pharmaceuticals America, Inc. and Benjamin Lavender<br><br>                Defendant. | IN THE COURT OF COMMON PLEAS FOR THE FIFTEENTH JUDICIAL CIRCUIT<br><br><br>**SUMMONS** |

TO THE DEFENDANTS ABOVE NAMED:

      YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                            **CROMER BABB PORTER & HICKS, LLC**

                              BY:     *s/ J. Paul Porter*
                                            J. Paul Porter (#100723)
                                            Elizabeth M. Bowen (#103337)
                                            1418 Laurel Street, Suite A (29201)
                                            Post Office Box 11675
                                            Columbia, South Carolina 29211
                                            Phone: (803) 799-9530
                                            Fax: (803) 799-9533
                                            paul@cbphlaw.com
                                            beth@cbphlaw.com

                                            *Attorneys for Plaintiff*

August 24, 2022
Columbia, South Carolina

ELECTRONICALLY FILED - 2022 Aug 24 4:50 PM - GEORGETOWN - COMMON PLEAS - CASE#2022CP2200722

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GEORGETOWN<br><br>Colby Utt,<br><br>       Plaintiff,<br><br>v.<br><br>Kowa Pharmaceuticals America, Inc. and Benjamin Lavender,<br><br>       Defendants. | IN THE COURT OF COMMON PLEAS<br>IN THE FIFTEENTH CIRCUIT<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

**EMPLOYMENT CASE**

Plaintiff complaining of the Defendants respectfully alleges as follows.

**PARTIES AND JURISDICTION**

1. Plaintiff, Colby Utt, is a citizen and resident of Georgetown County, South Carolina.

2. Defendant Kowa Pharmaceuticals America, Inc. is a pharmaceutical company headquartered in Montgomery, Alabama, that employed Plaintiff in Georgetown County, South Carolina.

3. Defendant Benjamin Lavender is a citizen and resident of Alabama.

4. This lawsuit alleges sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 against Kowa Pharmaceuticals and tortious interference with contractual relations against the individual defendant.

5. The acts and omissions giving rise to this lawsuit mostly happened in Georgetown County.

6. This Court has personal jurisdiction over the Defendants because of their commission of civil wrongs in this County.

7. This Court has subject matter jurisdiction over the Title VII claims pursuant to 42 U.S.C. § 2000e-5(f) and the tort claim arises under South Carolina common law.

8. This is an appropriate venue for this case.

9. Plaintiff demands a jury trial on all claims and triable issues.

## TITLE VII PREREQUISITES

10. Plaintiff filed charges of sex discrimination and retaliation within 300 days of the adverse action(s) at issue in this case (hostile work environment and termination).

11. Kowa employs a sufficient number of employees to be subject to suit for a violation of Title VII.

12. Plaintiff received a right to sue letter from the EEOC on or after May 31, 2022.

13. This lawsuit is filed within 90 days of Plaintiff receiving that right to sue letter.

## FACTUAL ALLEGATIONS

14. Plaintiff came from humble means and was primarily raised by his grandmother who adopted him at an early age. Working for the Defendant Kowa played an extraordinary role in Plaintiff's socio-economic climb. Plaintiff was open about this with coworker and supervisors. Indeed, Plaintiff was referred to during his employment as the "company child" as a result of both his youth and his background."

15. Plaintiff was hired in 2013 as a Territory Manager for Defendant Kowa.

16. Plaintiff was 26 years old at the time he was hired by Kowa.

17. Plaintiff consistently met and exceeded performance goals.

18. Plaintiff was given various commendations throughout his tenure including MVP of training camp, President's Award, and ranking in the top 10 percent in sales at various times throughout his career.

19. Plaintiff received three promotions and appointments throughout his tenure including area field trainer, national field trainer, and district manager.

20. Plaintiff was promoted to District Manager in May 2018.

21. Plaintiff never received any disciplinary actions in his tenure.

22. Plaintiff never received any notices that his performance substandard.

23. Plaintiff was never placed on a performance improvement plan.

24. Plaintiff met the legitimate expectations of his employment.

25. Plaintiff exceeded the legitimate expectations of his employment.

26. Plaintiff's coworker, Defendant Lavender, began sexually harassing Plaintiff on or around January 7, 2020.

27. Defendant Lavender started his behavior by attempting to groom the Plaintiff. Lavender regularly talked to the Plaintiff about stocks and investing (which Plaintiff was interested in), gave Plaintiff advice, and bragged to Plaintiff about how successful of an investor he (Lavender) was.

28. Defendant Lavender then began to suggest to Plaintiff that "he (the Plaintiff) was gay." Plaintiff told Lavender he was not gay, but Lavender continued to press the issue evolving into pervasive sexual harassment.

29. The sexual harassment included, but was not limited to, innuendos about Plaintiff's sexual orientation, unwelcomed touching and advances on multiple

3

ELECTRONICALLY FILED - 2022 Aug 24 4:50 PM - GEORGETOWN - COMMON PLEAS - CASE#2022CP2200722

occasions, and inappropriate sexual comments and communications toward Plaintiff.

30. In particular, at a conference for Defendant Kowa from January 21 to January 22, 2020, Lavender grabbed Plaintiff's behind without consent and later during a team picture put his finger in Plaintiff's ear and whispered to him to imagine it was "his penis."

31. Additionally during that conference, Lavender texted Plaintiff late in the evening asking "What's your room number?"

32. Plaintiff objected to the sexual harassment in real time, but it continued.

33. Plaintiff tried to distance himself from Lavender following the January conference.

34. Lavender reached out to Plaintiff multiple times during this period even though Plaintiff was obviously opting not to respond.

35. After the conference, Plaintiff's grandmother died and a virtual "collection plate" was distributed to pay for funeral arrangements. Plaintiff learned later that Lavender was the largest donor.

36. Around March 5, 2020, Plaintiff and Farleys' shared supervisor, Regional Director Jason Farley, questioned why Plaintiff was not communicating with Lavender, stated Lavender really wanted to talk to him, and told Plaintiff that Lavender was the largest donor.

37. Plaintiff indicated then that he did not want to discuss what happened, but Farley followed up the next day insisting that Plaintiff make a report.

38. On March 6, 2020. Plaintiff reported the above occurrences to Farley. Farley told Plaintiff that he was right to report the sexual harassment and that he would

4

speak with Defendant Kowa's Vice President of Sales, Jeff Moore, and Deborah Huxford (Human Resources).

39. Despite this assurance, Defendant Kowa did not take meaningful action, and the harassment continued.

40. The treatment continued and worsened following Plaintiff's complaints.

41. Defendant Lavender continued to provoke Plaintiff by making inappropriate comments toward and about Plaintiff during daily conference calls with supervisors and coworkers present to hear. Those comments focused on Plaintiff's sexuality (suggestions that he was gay) and his personal life (suggestions that Plaintiff would not be having children "anytime soon.").

42. Plaintiff reiterated his complaint regarding the sexual harassment to Farley on or around May 15, 2020 and expressed how uncomfortable he felt as a result of the sexual harassment. Farley told Plaintiff that he had not addressed the issue with Defendant Lavender because Farley said it was a conversation that needed to happen face to face, and COVID-19 had prevented this.

43. Plaintiff then went on short term disability and FMLA leave both at the suggestion of Kowa's Human Resources Department and due to medical advice based on the psychological trauma he had experienced due to the above. Plaintiff began the approved medical leave of absence on May 28, 2020.

44. Plaintiff was contacted by human resources investigators while on leave. Plaintiff referred those human resources investigators to his then employment counsel for assistance in completing the investigation.

45. Defendant Kowa affirmatively elected not to communicate with Plaintiff through his counsel, or to tell him that they would not communicate with Plaintiff through his counsel.

46. On September 2, 2020, Kowa wrote Plaintiff alerting him his leave was ending and asking if he planned to come back to work. Kowa also stated that Plaintiff had until September 4, 2020, to provide a medical release or his position would be filled.

47. Plaintiff responded, through counsel, that he could return to work if Kowa would provide a safe work environment free from retaliation or harassment.

48. During the midst of discussions between Plaintiff's counsel and counsel for Kowa, Plaintiff learned that Defendant Kowa had told his coworkers that Plaintiff was terminated for "abandoning" his position.

49. Defendant Kowa did not take appropriate employment action against Defendant Lavender to ensure Plaintiff could return to a safe working environment.

50. Upon Plaintiff's information and belief, Defendant Lavender is still employed by Defendant Kowa.

**FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT KOWA**
(Sex Discrimination)

51. Plaintiff realleges the foregoing where consistent.

52. Plaintiff is a member of a protected class based on his sex.

53. Plaintiff met Defendant's legitimate expectations.

54. Plaintiff was subjected to unwelcome sexual harassment based on his sex from his coworker, Defendant Lavender, during his employment with Defendant Kowa.

6

55. Defendant Kowa knew or should have known of the harassment.

56. Defendant Kowa took no action against Defendant Lavender and allowed the sexual harassment to occur.

57. Such unwanted sexual conduct created a hostile work environment and was subjectively viewed by Plaintiff to be abusive.

58. The conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere.

59. The harassment described above affected tangible aspects of Plaintiff's compensation, terms, conditions, and privileges of employment, and ultimately led to Plaintiff's termination.

60. Plaintiff was unlawfully terminated because he was a male who complained of sexual harassment by another male.

61. Defendant Kowa would not have failed to take appropriate action against Lavender had Plaintiff been a female who complained about sexual harassment.

62. Such conduct constitutes sexual harassment and discrimination in violation of Title VII, for which Defendant Kowa is liable.

63. Defendant Kowa caused Plaintiff damages, for which it is liable, including loss of back pay, front pay, back benefits, front benefits, earning capacity, pain and suffering, and emotional distress. Plaintiff further seeks attorney fees in accord with federal and state laws and prejudgment interest on all damages recovered.

64. Plaintiff is also entitled to punitive damages for this intentional and wanton violation of Title VII.

**SECOND CAUSE OF ACTION**
**AGAINST DEFENDANT KOWA**
(Retaliation)

65. Plaintiff realleges the foregoing where consistent.

66. Plaintiff engaged in protected activity by opposing and reporting sexual harassment to Defendant Kowa.

67. Defendant Kowa treated Plaintiff in a disparate and hostile manner, threatened Plaintiff's employment, and ultimately terminated Plaintiff because he engaged in protected activity under Title VII.

68. Defendant Kowa engaged in retaliation against Plaintiff in violation of Title VII by terminating him rather than ensuring that he be afforded a harassment-free work environment.

69. Plaintiff was thus terminated because of his protected activity.

70. Defendant Kowa caused Plaintiff damages, for which it is liable, including back pay, front pay, back benefits, front benefits, earning capacity, pain and suffering, and emotional distress. Plaintiff further seeks attorney fees in accord with federal and state laws and prejudgment interest on all damages recovered.

71. Plaintiff is also entitled to punitive damages for this intentional and wanton violation of Title VII.

### THIRD CAUSE OF ACTION
### AGAINST DEFENDANT BENJAMIN LAVENDER
(Tortious Interference with Contractual Relations)

72. Plaintiff realleges the foregoing where consistent.

73. The employment relationship between Plaintiff and Defendant Kowa was a valid and enforceable contractual relationship.

74. Defendant Lavender had knowledge of the contract.

75. Defendant Lavender knowingly and intentionally interfered and procured the breach of the contractual relationship between Plaintiff and Defendant Kowa, without a legitimate business purpose or justification.

76. Defendant Lavender did so by acting outside of the course and scope of his employment by sexually harassing Plaintiff to such an extent that Plaintiff's work conditions became intolerable.

77. Such conduct amounts to knowing and intentional tortious interference with Plaintiff's contractual relationship with Defendant Kowa.

78. Defendant Lavender's tortious interference caused Plaintiff damages, for which Defendant Lavender is liable, including lost back pay, front pay, back benefits, front benefits, earning capacity, pain and suffering, and emotional distress. Plaintiff further seeks attorney fees in accord with federal and state laws and prejudgment interest on all damages recovered.

79. Plaintiff is also entitled to punitive damages for Defendant Lavender's willful and wanton actions.

## PRAYER FOR RELIEF

80. Plaintiff realleges the foregoing where consistent.

81. Plaintiff requests the jury award him actual, consequential, and punitive damages within its discretion.

82. Plaintiff asks the Court to award him equitable relief including back pay, back benefits, reinstatement or front pay, and any other equitable relief deemed just and proper.

83. Plaintiff also requests attorney fees and costs and prejudgment interest.

**(Signature Page to Follow)**

9

ELECTRONICALLY FILED - 2022 Aug 24 4:50 PM - GEORGETOWN - COMMON PLEAS - CASE#2022CP2200722

                Respectfully Submitted By,

                BY: s/J. Paul Porter
                J. Paul Porter (#100723)
                Elizabeth M. Bowen (#103337)
                CROMER BABB PORTER & HICKS, LLC
                1418 Laurel Street, Ste. A (Street Address)
                Post Office Box 11675
                Columbia, South Carolina 29211
                Phone: 803-799-9530
                Fax:    803-799-9533
                paul@cbphlaw.com
                beth@cbphlaw.com

                *Attorneys for Plaintiff*

August 24, 2022
Columbia, South Carolina